This appeal arises out of a judgment rendered by the Mahoning County Court of Common Pleas overruling Appellant, Thomas Gaitor's motion for postconviction relief. For the following reasons, this Court overrules Appellant's assignments of error and affirms the lower court judgment.
On November 18, 1994, the Mahoning County Grand Jury indicted Appellant on aggravated murder, kidnapping and tampering with evidence. The first two counts carried firearm specifications. The court appointed counsel for Appellant and on November 29, 1994, Appellant entered a not guilty plea to all of the charges. Appellant's counsel filed a motion to suppress evidence on December 16, 1994 contending that Appellant's confession made to law enforcement authorities was not voluntarily, knowingly and intelligently made.
On January 17, 1995, Appellant filed a Crim.R. 11 (H) plea of not guilty by reason of insanity. On January 25, 1995, the court filed a judgment entry sustaining Appellant's oral motion for a competency hearing and consequently continuing decision on Appellant's motion to suppress. On April 13, 1995, the court issued a judgment entry finding that Appellant was competent to stand trial based upon information presented in psychological reports stipulated as to Appellant's competency and sanity.
On May 22, 1995, Appellant entered into a plea agreement. While represented by counsel, Appellant signed a written plea agreement withdrawing his previously-entered not guilty plea and instead pleading guilty to kidnapping, aggravated murder and tampering with evidence. The language of the plea agreement signed by Appellant and his attorney described the constitutional rights waived by Appellant on entering a guilty plea, the charges to which Appellant was pleading, a statement that Appellant was satisfied with his legal representation and a statement that Appellant understood the agreement, the waiver of rights, the described sentences that could be imposed and that Appellant had not been promised or threatened to enter such a plea. The agreement also stated that Appellant could not receive probation for his offenses.
Also on May 22, 1995, the trial court dismissed the two firearm specifications upon motion of the prosecution and in accordance with Crim.R. 11 (F). Additionally, the court filed a judgment entry indicating that it personally advised Appellant of his constitutional rights and the consequences of his guilty plea entered pursuant to Crim.R. 11 and that the court found that Appellant entered the plea voluntarily, knowingly and intelligently.
The court also filed a judgment entry as to sentencing. The entry indicated that Appellant was in court on May 18, 1995 and that Appellant, with counsel, entered his guilty plea and was given an opportunity to speak and present mitigating factors before sentencing. The court heard from the victim's family members and considered victim impact statements. The entry indicated that probation was denied and that the court sentenced Appellant to an indeterminate term of imprisonment of ten to twenty five years on the kidnapping charge; life imprisonment with parole eligibility after twenty years on the aggravated murder charge; and a two year definite term of imprisonment on the tampering with evidence charge. All of the sentences were to run concurrently and were to run concurrent with a sentence imposed in another case.
Appellant did not file a direct appeal of this matter. On September 20, 1996, Appellant filed a postconviction relief petition. Appellant requested an evidentiary hearing and set forth as grounds for relief the following: constitutional deprivation in not retroactively applying Am.Sub.S.B. No. 2 (hereinafter "Senate Bill 2") to his case; ineffective assistance of counsel; involuntary and unknowing confession and plea and that the court violated Crim.R. 11 (C) (3). Appellant attached his own affidavit indicating that he believed the statements submitted by him were true. No other supporting documentation was attached.
On October 10, 1996, Appellant filed a motion for leave to amend his initial postconviction relief motion and a motion to withdraw his guilty plea. Appellant reiterated the grounds set forth in his initial postconviction relief petition. Again, Appellant attached his own affidavit certifying that the statements made in this filing were true. Again, no other supporting documentation was attached.
On October 29, 1996, Appellee filed a motion for summary judgment addressing each of Appellant's postconviction relief grounds. Appellee contended that summary judgment should be granted in its favor because Appellant failed to provide evidentiary documentation demonstrating any of his grounds for postconviction relief. Appellee also asserted that all of Appellant's postconviction relief grounds were barred by the doctrine of res judicata.
On October 30, 1996, the trial court issued a judgment entry containing findings of fact and conclusions of law which overruled Appellant's petition for postconviction relief and granted Appellee's motion for summary judgment. The court overruled Appellant's Senate Bill 2 argument as a matter of law because Appellant's case predated the effective date of Senate Bill 2. As to the other claims, the trial court found that Appellant failed to provide evidentiary documents containing sufficient operative facts demonstrating his constitutional claims and cited State v. Jackson (1980), 64 Ohio St.2d 107 for support. The court also applied res judicata to bar Appellant's postconviction claims, holding that Appellant could have raised these claims on direct appeal but did not do so. The court also held that a petition for postconviction relief must be dismissed when pleadings, affidavits, and other records indicate that there exists no genuine issue of material fact and that no substantial constitutional deprivation is established, citingState v. Milanovich (1975), 42 Ohio St.2d 46.
On November 9, 1996, Appellant filed a motion for summary judgment and a motion in opposition to Appellee's motion for summary judgment. On November 18, 1996, the court issued a judgment entry overruling Appellant's motions based on the reasoning in its earlier decision. On December 3, 1996, Appellant filed an appeal of the trial court's initial dismissal of the postconviction claims of October 30, 1996. Appellant, belatedly, raises six assignments of error.
In his first assignment of error, Appellant again contends that Senate Bill 2 retroactively applies to his case and that the trial court's failure to so apply this law denied him equal protection and due process because he claims that as a pre-Senate Bill 2 offender, he thus receives disparate treatment in sentencing than post-Senate Bill 2 offenders similarly situated. Appellant's assignment of error is without merit as a matter of law and the trial court properly overruled this issue as a ground warranting postconviction relief.
Senate Bill 2 became effective on July 1, 1996. Appellant entered his plea and was sentenced on May 22, 1995. The bill provides as follows:
 "Section 5. The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed term of imprisonment for an offense that was committed prior to that date.
 "The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
 "Section 6. Sections 1 and 2 of this act shall take effect on July 1, 1996."
The Ohio Supreme Court has specifically held that Senate Bill 2 does not apply to defendants convicted and sentenced before July 1, 1996. State ex rel. Lemmon v. Ohio Adult Parole Authority
(1997), 78 Ohio St.3d 186. The Court also held that a defendant has no due process or equal protection right to be resentenced pursuant to Senate Bill 2. Id. at 188. This court has followed the mandates of Lemmon, holding that Senate Bill 2 is not retroactive and finding that this does not violate equal protection and due process rights. See State v. Rush (May 7, 1997), Columbiana App. No. 96-CO-53, unreported; see alsoState v. Melching (Sept. 15, 1997), Jefferson App. No. 96-JE-41, unreported.
Therefore, in both its October 30, 1996 and November 18, 1996 entries, the trial court correctly found as a matter of law that Senate Bill 2 did not apply to Appellant's case and that this issue asserted as a ground for postconviction relief was not meritorious.
In his second assignment of error, Appellant contends that he was entitled to an evidentiary hearing on the grounds asserted in his postconviction petition for relief and that the trial court erred in denying him a hearing. To determine whether an evidentiary hearing was warranted, we must examine the grounds set forth in Appellant's amended petition for postconviction relief as well as the attached evidentiary materials supporting the petition. Appellant's grounds included not only the Senate Bill 2 argument, but claims of ineffective assistance of counsel, a coerced confession to law enforcement authorities, an involuntary guilty plea and a claimed violation of Crim.R. 11 (C) (3) by the trial court. Appellant raises these same issues as separate assignments of error on appeal.
In its judgment entries overruling Appellant's petition, the trial court found that Appellant failed to provide the court with supporting documentation in order to show sufficient operative facts which would demonstrate substantive grounds for relief. The court also applied the doctrine of res judicata to bar the petition. We agree and find that the trial court did not abuse its discretion in overruling Appellant's petition.
This Court reviews the trial court's denial of a petitioner's motion for postconviction relief without a hearing under an abuse of discretion standard. State v. Smith (Dec. 11, 1997), Jefferson App. No. 96-JE-44, unreported at *2, citing generally, State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149. An abuse of discretion constitutes more than an error of law or judgment as "it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
An evidentiary hearing is not automatically required on every petition for postconviction relief and R.C. 2953.21 does not expressly require a hearing on every petition. State v.Jackson (1980), 64 Ohio St.2d 107, 110. In Jackson, the Court held that "[b]efore a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate" that he is entitled to relief. Id. at 111. Before a court grants an evidentiary hearing on a petition for postconviction relief, "the court shall determine whether there are substantive grounds for relief." R.C. 2953.21 (C). In Statev. Kapper, the court held that "* * * the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief." (1983),5 Ohio St.3d 36, 38. When alleging an ineffective assistance of counsel claim in a postconviction relief petition, the petitioner also bears the initial burden to "* * * proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant." State v. Cole
(1982), 2 Ohio St.3d 112, 114, citing Jackson, 64 Ohio St.2d 107. Further, when the prosecuting attorney files a motion for summary judgment pursuant to R.C. 2953.21 (D), a petition for postconviction relief will be dismissed where the pleadings, affidavits, files, and other records show that there is no genuine issue as to any material fact and there is no substantial constitutional issue established. State v.Milanovich (1975), 42 Ohio St.2d 46, 51.
Appellant failed to submit any evidentiary documents containing virtually any evidence in support of his claims beyond his own affidavit. Appellant's self-serving affidavit is insufficient to warrant an evidentiary hearing or to allow postconviction relief in this case. See State v. Sowell
(1991), 73 Ohio App.3d 672, 683; Kapper, 5 Ohio St.3d 36. Appellant has failed to submit a transcript of the plea hearing in question. Without a transcript or other documentary materials negating the written waivers and the judgment entries finding a valid waiver and plea, this Court cannot find an abuse of discretion in denying Appellant's petition. See State v.Sims (Sept. 22, 1998), Jefferson App. No. 96 JE 38, unreported;Kapper (1983), 5 Ohio St.3d 36, 37-38. Appellant submitted no other affidavits or evidentiary materials. Thus, Appellant has failed to provide any evidence beyond his mere allegations regarding the matters asserted in his petition. Appellant's assignments of error are therefore without merit and an evidentiary hearing was not warranted.
Further, the court properly applied the doctrine of res judicata to bar the grounds asserted by Appellant in his postconviction relief petition. Appellant could have filed a direct appeal on any or all of these grounds and failed to do so. Postconviction relief is a narrow remedy because res judicata serves to bar any claim that was or could have been raised in the trial court or on direct appeal. State v. Steffen
(1994), 70 Ohio St.3d 399, 410, citing State v. Duling (1970),21 Ohio St.2d 13; State v. Perry (1967), 10 Ohio St.2d 175. InState v. Perry (1967), 10 Ohio St.2d 175, 180, the Ohio Supreme Court held:
 "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
See also, State v. Reynolds (1997), 79 Ohio St.3d 158, 161, citing Duling, 21 Ohio St.2d 13. Further, res judicata can be applied if the postconviction relief petition does not include any material dehors the record in support of the claims for relief. State v. Zorns (1997), 120 Ohio App.3d 360, 363, citingState v. Combs (1994), 100 Ohio App.3d 90, 97. This Court has applied res judicata to bar petitions for postconviction relief under such circumstances. See State v. Short (Aug. 26, 1998), Columbiana App. No. 96 CO 62, unreported; State v. Bellish
(Sept. 9, 1997), Mahoning App. No. 94 CA 157, unreported.
Therefore, a petitioner may properly seek postconviction relief only if his assertions "* * * pertain to evidence which occurred outside of the record and which could, therefore, not be addressed before the judgment of conviction or on direct appeal." Short, (Aug. 26, 1998), Columbiana App. No. 96 CO 62, unreported; citing generally Milanovich, 42 Ohio St.2d at 49. Such outside evidence in the form of petitioner's own self-serving affidavit is insufficient and will not compel a hearing. See Short, supra citing Kapper, 5 Ohio St.3d at 37-38. Procedural defects such as claimed violations of Crim.R. 11 that appear on the record but are not directly appealed are "* * * not per se susceptible to collateral attack by way of a proceeding pursuant to R.C. 2953.21." State v.Ismail (1981), 67 Ohio St.2d 16, 18.
Appellant in the instant case could have directly appealed on the grounds of ineffective assistance of counsel, coerced confession, involuntary and unknowing plea due to incompetency and procedural defects. He did not do so. Appellant further failed to provide evidence to substantiate any of these claims and failed to show that he could not have raised these issues on direct appeal. Additionally, Appellant presented no evidence dehors the record and the record itself contradicts Appellant's claims. Appellant's own affidavit is not sufficient to compel a hearing or to survive a res judicata bar. Therefore, Appellant's claims are barred.
Finally, although he narrowed his appeal to only the overruling of his postconviction relief motion, Appellant discusses his motion to withdraw his guilty plea, filed in conjunction with his amended postconviction relief petition. We find that Appellant's motion to withdraw his guilty plea pursuant to Crim.R. 32.1 was also properly overruled by the trial court.
Crim.R. 32.1 states that a motion to withdraw a guilty plea can be made only before sentencing. However, the rule permits a court to set aside a conviction and allow a defendant to withdraw a guilty plea to correct a manifest injustice after sentencing. Crim.R. 32.1. Such a postsentence device is to be used in extraordinary cases and a defendant seeking to withdraw this plea bears the burden of establishing that a manifest injustice occurred. State v. Smith (1977), 49 Ohio St.2d 261,264. The trial court is vested with discretion in determining the good faith, credibility and weight of the movant's assertions in support of the motion. Id. Undue delay between the occurrence of the claimed manifest injustice causing the invalid plea and the filing of a motion to withdraw is a factor that weighs against the movant's credibility. Id.
Additionally, the same standard used to determine whether an evidentiary hearing is warranted for withdrawal of a guilty plea as is used in determining whether a hearing is required on a postconviction relief petition. State v. Legree (1988), 61 Ohio App.3d 568. A hearing is not required when the record, "* * * on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal." Id. at 574, citing R.C.2953.21 (E).
Appellant contends that his plea was involuntary based upon the psychologist's diagnoses of him in his sanity and competency evaluations. However, these documents directly refute Appellant's assertion. They ultimately conclude that he was both competent and sane and understood the various plea options and defined them, including a plea of guilty. Appellant also contends that counsel was ineffective because the psychologist reported that he did not trust his attorney. Appellant could have, but did not, request that the court appoint him new counsel. Further, this does not evidence ineffective assistance and prejudice in entering a guilty plea.
Appellant asserts that he submitted evidentiary materials supporting both his postconviction petition and his motion to withdraw his guilty plea but that these materials were stolen. Appellant provides no support for this or any of his other claims related to the plea's invalidity. Nor does Appellant provide the transcript of the plea hearing so that this Court may review it and determine the validity of his arguments. Appellant has thus failed to meet the burden to establish an invalid plea. The trial court did not abuse its discretion in overruling Appellant's motion.
For the foregoing reasons, this Court affirms the trial court judgment overruling Appellant's postconviction petition for relief and overruling Appellant's motion to withdraw his guilty plea.
Cox, P.J., concurs.
Vukovich, J., concurs.
 APPROVED: ____________________________________ CHERYL L. WAITE, JUDGE