OPINION
The defendant-appellant, Gary Schulte ("appellant") appeals the judgment of the Mercer County Court of Common Pleas denying his petition for post-conviction relief. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history are as follows. On August 6, 1993, the appellant was served with a complaint alleging that he murdered Sharon Post. On August 12, 1993, the Mercer County Grand Jury indicted the appellant for one count of aggravated murder in violation of R.C. 2903.01(B), with a specification that he had a deadly weapon or dangerous ordinance in violation of R.C. 2923.11.
After negotiations between the prosecutor's office and the appellant's counsel, a plea agreement was reached between the parties. On August 15, 1993, the appellant pled guilty to aggravated murder and the gun specification was dismissed. The prosecution also agreed not to prosecute any other possible offenses, if any, whether indicted or unindicted, arising out of the same circumstances giving rise to the aggravated murder of Sharon Post. On September 2, 1993, the appellant was sentenced to life imprisonment with parole eligibility after twenty years.
The appellant filed a direct appeal on March 5, 1996, which was dismissed by this Court because of the delay in filing. On September 19, 1996, the appellant filed a motion to vacate or set aside his conviction pursuant to R.C. 2953.21. The Mercer County Court of Common Pleas found that the motion was not timely filed and denied it on September 27, 1996. On February 12, 1997, this Court reversed that judgment and remanded the appellant's petition for post-conviction relief back to the trial court.
On March 3, 1997, the State filed a motion to dismiss the appellant's petition for post-conviction relief. A hearing was held in this matter on July 1, 1999. On August 25, 1999, the trial court issued a judgment entry denying the appellant's petition for post-conviction relief and granting the State's motion to dismiss. It is from this judgment that the appellant appeals asserting three assignments of error.
 Assignment of Error No. 1 Gary Schulte's Constitutional rights were violated due to ineffective assistance of counsel, guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution.
 First, it is necessary to set forth the standard of review in this matter. An action for post-conviction relief under R.C. 2953.21 is a civil proceeding. State v. Nichols (1984), 11 Ohio St.3d 40, 42. Post-conviction relief proceedings are, therefore, governed by the Ohio Rules of Civil Procedure. State v. Milanovich (1975), 42 Ohio St.2d 46. The Supreme Court of Ohio has given limited application to R.C. 2953.21 by applying the doctrine of res judicata to petitions seeking relief. State v. Zorns (1997), 120 Ohio App.3d 360. Under the doctrine of res judicata, any issue that was raised or could have been raised on direct appeal cannot be raised in post-conviction proceedings. State v. Perry (1967), 10 Ohio St.2d 175.
In the case sub judice, the appellant did not file a direct appeal in a timely manner and his motion for leave to file a delayed appeal was denied. The issues raised by the appellant in his petition for post-conviction relief all could have been raised on direct appeal. Therefore, under the doctrine of res judicata, the appellant would be barred from raising these claims at this time. However, assuming that the appellant's arguments are not barred by res judicata, a review of the record indicates that the following claims are without merit and were properly denied by the trial court.
The appellant asserts in his first assignment of error that he was misled by his trial counsel concerning the penalty he faced and was, therefore, denied the effective assistance of counsel. To prevail on this claim, the appellant must meet the standard for ineffective assistance of counsel set forth in Strickland v.Washington (1984), 466 U.S. 52 [466 U.S. 668]. See, also,State v. Xie (1992), 62 Ohio St.3d 521. The Strickland
test was applied to guilty pleas in Hill v. Lockhart (1985), 474 U.S. 52. "First, the defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. Second, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." Hill,474 U.S. at 59.
The appellant claims that the only reason he entered a plea of guilty was to avoid the death penalty and that his counsel was ineffective by failing to inform him that the crime for which he was indicted was not a death eligible offense. At the hearing to vacate his plea, the appellant's trial counsel testified that while the original indictment did not contain a death penalty specification, the possibility of a subsequent indictment containing such specification existed and was being contemplated by the State. The appellant testified at the hearing that he was under the impression that the State could seek a subsequent indictment containing a death specification any time they wanted. This statement makes it clear that the appellant was aware that he was not initially indicted on a capital offense. He also testified that his trial strategy was to avoid the death penalty and to avoid his parents or children having to testify.[1]
All of the appellant's goals were reached by the plea agreement the appellant's trial counsel negotiated with the State. The appellant was able to avoid the death penalty. While the appellant was never formally indicted on a death eligible offense, there was certainly the possibility that he could have been in the near future. At the hearing, the prosecutor testified that the Grand Jury had also returned an indictment for aggravated burglary against the appellant, which the State had chosen not to file. The filing of this charge would have made the charges against the appellant a capital offense. The appellant also insisted that he did not want to put his children or his parents in the position of having to testify against him. Given the circumstances of this case, the foregoing would have been inevitable had the case proceeded to trial. The appellant was able to avoid subjecting his children and parents to a trial by pleading guilty.
As part of the plea agreement, the State also agreed to dismiss the gun specification in the indictment. This would give the appellant the opportunity to become eligible for parole after thirteen and one-third years, rather than after twenty years if he had been convicted of the gun specification as well.
The trial court correctly held that the appellant was fully informed and represented competently by his trial counsel. The record clearly reflects that the appellant's guilty plea was made knowingly, intelligently, and voluntarily. Therefore, the appellant's first assignment of error is overruled.
 Assignment of Error No. 2 Gary Schulte's substantial rights were prejudiced by the Grand Jury foreman's failure to endorse the indictment as a "True Bill", making the indictment a nullity, and all proceedings thereafter void.
The appellant contends that because the Grand Jury foreman did not personally hand write "True Bill" on the indictment, but rather signed an indictment with the phrase "True Bill" pre-printed on it, the indictment is void. This argument is completely void of any merit and we refuse to address it any further.
Accordingly, the appellant's second assignment of error is overruled.
 Assignment of Error No. 3 The prosecutor amended the charge so that the death penalty was no longer a possibility.
While it is unclear from the phraseology of the third assignment of error what the appellant is asserting, the arguments set forth in the brief indicate that he appellant is claiming that he was prejudiced because a "Notice to the Supreme Court of Ohio of Filing of Indictment Charging Aggravated Murder with Specifications of Aggravated Circumstances" was sent to the Supreme Court. We fail to find merit in this contention.
The notice mentioned above is an administrative notice sent to the Supreme Court of Ohio by the Clerk of Courts, pursuant to R.C. 2929.02.1. The prosecutor's office is not involved in this process at all. In this case the notice was sent in error by the Clerk, as the indictment returned was not such to require such notice.
However, the appellant has failed to establish how he was prejudiced by this clerical error. The original notice was sent only to the Supreme Court and a copy was kept by the Clerk in the case file. Neither the appellant nor the State was given a copy of such notice. The appellant has failed to show that he actually saw this notice prior to the preparation of the record for this appeal. We fail to see how the appellant could have been prejudiced by this document since he did not even know it existed.
The appellant also claims that the rapid movement of this case through the system bolsters the suggestion of ineffective assistance of counsel. The appellant points out that less than thirty days had elapsed from the time of the shooting to the time the appellant arrived at Orient.[2] The pace at which the appellant's case was handled is fully supported by the goals in which the appellant sought to achieve. The quick disposition of this matter enabled the appellant to avoid the filing of the aggravated burglary indictment, which would raise the crime to a capital offense. The appellant's trial counsel was successful in achieving all the goals set forth by the appellant. The appellant has failed to establish that his representation was deficient. Therefore, the appellant's third assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.
[1] It was inevitable that the appellant's children and parents would have had to testify if this matter proceeded to trial. The appellant's three children were present in the house when he shot their mother and one of them saw him leave her mother's bedroom with a gun in his hand. After the shooting, the appellant went to his parent's home and confessed to them.
[2] The reception center for the Ohio Department of Rehabilitation and Corrections is located in Orient, Ohio.