[Cite as *State v. Webb*, 2009-Ohio-3412.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

   PLAINTIFF-APPELLEE,                                    CASE NO. 9-08-58

   v.

LESLIE WEBB,                                             O P I N I O N

   DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 06-CR-0097

Judgment Affirmed

Date of Decision:  July 13, 2009

APPEARANCES:

   *Leslie Webb,* Appellant

   *Lawrence H. Babich* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant Leslie Webb ("Webb") appeals the October 31, 2008 judgment entry of the Court of Common Pleas, Marion County, Ohio denying his petition for post conviction relief.

{¶2} This matter stems from Webb's guilty plea on April 28, 2006 to Operating a Vehicle Under the Influence, in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree; Driving Under OVI Suspension, in violation of R.C. 4510.14(A), a misdemeanor of the first degree; Retaliation, in violation of R.C. 2921.05(A), a felony of the third degree; and one count of Public Indecency, in violation of R.C. 2907.09(A)(1), a fourth degree misdemeanor. On May 3, 2006 Webb was sentenced to a total prison term of four years.

{¶3} On September 26, 2007 Webb was granted judicial release and placed on three years of community control sanctions. On December 19, 2007 a violation and notice of hearing was filed, alleging that Webb violated his community control sanctions by failing to complete a four to six month community based correctional facility at the West Central Community Correctional Facility.

{¶4} On December 28, 2007 Webb's judicial release was revoked. The trial court found that:

> **Upon the stipulation of the Defendant, the court finds that the defendant did violate the conditions of his community control sanctions in the following respects: #18 – I will successfully complete a four to six month community based correctional facility at West Central Community Correctional Facility in Marysville, Ohio, and any required aftercare.**

The trial court reimposed Webb's original sentence of four years.

{¶5} On October 7, 2008 Webb filed a post-conviction petition alleging that the trial court erred in imposing the condition that he complete the program at the community correctional facility. In his petition, Webb argued that a medical condition kept him from completing the program. On October 31, 2008 the trial court denied Webb's petition for post-conviction relief.

{¶6} Webb now appeals asserting two assignments of error.

### ASSIGNMENT OF ERROR I
**THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION BY FAILING TO ADMIT IT'S [SIC] OWN REVERSIBLE ERROR AND BY BLINDLY DENYING APPELLANT'S POSTCONVICTION PETITION, WHEN THE RECORD CLEARLY SHOWS THAT THE TRIAL COURT ORIGINALLY ERRED IN SETTING A CONDITION OF PROBATION WHICH APPELLANT WAS MEDICALLY UNABLE TO COMPLETE, AND THEN VIOLATING APPELLANT'S PROBATION FOR HIS FAILURE TO COMPLETE WHAT WAS CLEARLY AN UNLAWFUL AND UNENFORCEABLE SANCTION.**

### ASSIGNMENT OF ERROR II
**APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE WAS SUBJECTED TO A DE FACTO SENTENCING HEARING WHEN GRANTED JUDICIAL RELEASE WITHOUT BEING REPRESENTED BY COUNSEL, WAS NOT EFFECTIVELY REPRESENTED BY COUNSEL AT THE PROBATION VIOLATION HEARING**

**WHERE COUNSEL FAILED TO RAISE THE OBVIOUS ISSUES OF APPELLANT'S MEDICAL CONDITION AND MEDICAL PROBLEMS AS THE CVCF, AND WHERE THE TRIAL COURT NEVER APPOINTED COUNSEL TO REPRESENT APPELLANT ON THE POSTCONVICTION PETITION WHICH THE COURT ARBITRARILY AND CAPRICIOUSLY DENIED WITHOUT A FORMAL HEARING OR FINDING OF FACTS, VIOLATING APPELLANT'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION AMONG OTHER RIGHTS.**

{¶7} For ease of discussion, we will address Webb's assignments of error together. As an initial matter, we note that this Court has previously found that post-conviction relief is not available to challenge a probation revocation. See *State v. Zorns*, 120 Ohio App.3d 360, 697 N.E.2d 1098. Although the present case concerns the revocation of judicial release, we believe that the rationale as articulated in *Zorns* would likely be applicable.

{¶8} Additionally, we recognize that Webb's petition for post-conviction relief is untimely. Timeliness of a petition for post-conviction relief is governed by R.C. 2953.21(A)(2) which provides in pertinent part:

> **Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than *one hundred eighty days* after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or ... If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.**

**{¶9}** This Court has previously recognized that a trial court is without jurisdiction to consider a petition for post-conviction relief that is filed outside of the statutory 180 day time limit. *State v. Osborn,* 3rd Dist. No 9-06-44, 2007-Ohio-1629. Furthermore, the Ohio Supreme Court held in *State ex rel Kimbrough v. Greene* (2002), 98 Ohio St.3d 116, 781 N.E.2d 155, 2002-Ohio-7042, at ¶ 6, that "[a] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely filed petition" with respect to a petition for post conviction relief.

**{¶10}** In the present case, Webb's petition was filed with the Clerk of Courts on October 7, 2008. Webb's judicial release was revoked on December 28, 2007. The time for timely filing of a post conviction petition had expired.

**{¶11}** Although Webb's petition is untimely pursuant to R.C. 2953.21(A)(2), if Webb's's petition satisfies the requirements of R.C. 2953.23(A), it would remove the petition from the 180 day filing requirement of R.C. 2953.21(A). R.C. 2953.23(A)(1) requires:

> **(A)** **Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:**
>
> **(1)** **Both of the following apply:**
>
> **(a)** **Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which**

**the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.**

**(b)     The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.**

{¶12} In order to satisfy R.C. 2953.23 Webb would have to show that he was "unavoidably prevented" from discovering new evidence which is the basis of his claim. Here, Webb does not argue about his underlying guilt. Instead, he argues that his judicial release should not have been revoked. Accordingly, Webb's petition is not removed from the timeliness requirements of R.C. 2953.21.

{¶13} Finally, in further support of the trial court's disposition of Webb's Petition, we note that the Supreme Court of Ohio has held that the doctrine of res judicata will bar a defendant from raising any defenses or constitutional claims in a post conviction appeal under R.C. 2953.21 that were or could have been raised by the defendant at trial or on direct appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. Thus, the doctrine of res judicata will bar all claims except those that were not available at trial or on appeal because they are based on

evidence outside the record. *State v. Medsker,* 3rd Dist. No. 1-04-24, 2004-Ohio-4291.

{¶14} Here, Webb could have raised the instant arguments in a direct appeal of the revocation of his judicial release. Webb did not take a timely direct appeal of the revocation of his judicial release. Accordingly, Webb's claims are barred by res judicta.

{¶15} In the present case, Webb's petition concerned improper subject matter, was untimely with no applicable exception under R.C. 2953.23 from the timeliness requirement, and the claims made in the petition would be barred by the doctrine of res judicata. Therefore, the trial court properly denied Webb's petition. Accordingly, his assignments of error are overruled and the judgment of the Common Pleas Court of Marion County is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., concurs.**

**/jnc**

**ROGERS, J., concurs separately.**

{¶16} I agree with the result reached by the majority opinion. However, it is my opinion that Webb's motion to the trial court was incorrectly designated as a motion for postconviction relief, and, as such, a discussion of procedures under R.C. 2953.21 is unnecessary.

**{¶17}** R.C. 2953.21 governs petitions for postconviction relief and provides, in pertinent part:

> **(A)(1)(a) Any person who has been *convicted of a criminal offense* or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable * * * [.]**
> **\* \* \***
> **(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which *the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction* or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.**

(Emphasis added). R.C. 2953.21(A)(1)(a),(A)(2). As set forth above, paragraph (A)(1)(a) defines who may file such a motion as a person *convicted of a criminal offense*, and sub-paragraph (2) requires that any such motion be filed within 180 days after the *trial transcript* is filed. Thus, from its clear wording referring to an original conviction, the General Assembly intended R.C. 2953.21 to provide a method of attacking a conviction, not a revocation of judicial release. In a proceeding involving revocation of judicial release, a defendant may directly appeal the specific judgment; however, postconviction relief is not available to challenge revocation of judicial release. See *State v. Zorns* (1997), 120 Ohio App.3d 360 (finding that postconviction relief was not available to challenge

revocation of probation). Here, Webb failed to directly appeal the trial court's revocation of his judicial release and the re-imposition of his sentence. Thus, as the postconviction relief proceedings under R.C. 2953.21 were not available to him, the trial court properly dismissed his motion.

/jnc