The STATE of Ohio, Appellee,

v.

WALKER, Appellant.

[Cite as *State v. Walker* (1995), 102 Ohio App.3d 625.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 94–CA–105.

Decided March 31, 1995.

*William F. Schenck,* Greene County Prosecuting Attorney, and *Robert K. Hendrix,* Assistant Prosecuting Attorney, for appellee.

*Michael Walker,* for appellant.

GRADY, Judge.

Michael Walker appeals from a judgment entered in the trial court on October 18, 1994, which denied Walker's petition for postconviction relief filed on January 13, 1994. That petition was the second filed by Walker in this case. A prior petition had likewise been denied, and that denial was affirmed by this court on appeal. *State v. Walker* (Mar. 24, 1993), Greene App. No. 92–CA–59, unreported, 1993 WL 85416. Before that, Walker's direct appeal of his conviction had also been determined against him. *State v. Walker* (Mar. 23, 1992), Greene App. No. 91–CA–3, unreported, 1992 WL 63388.

Walker's second petition for postconviction relief was itself the subject of a prior appeal. *State v. Walker* (Sept. 28, 1994), Greene App. No. 94–CA–22, unreported, 1994 WL 527585. In that decision we reversed a denial of the petition by the trial court for an error of law and remanded for the court's consideration of the petition pursuant to R.C. 2953.23(A), which permits the court, in its discretion and for good cause shown, to entertain successive petitions for postconviction relief based on the same grounds. Because both of Walker's petitions alleged ineffective assistance of trial counsel, we stated:

"The trial court is simply required to exercise its discretion whether to entertain Walker's claim of ineffective assistance of trial counsel, even though that issue was raised in his first petition for post-conviction relief. If the trial court shall exercise its discretion not to do so, it may dismiss or deny the petition. On the other hand, should the trial court exercise its discretion to entertain this claim, it may hold a hearing thereupon."

■ On remand, the trial court exercised its discretion pursuant to R.C. 2953.23(A) and declined to entertain Walker's second petition for postconviction relief because the question of ineffective assistance of trial counsel which it presented had been raised in his first petition and determined against Walker. That is one of the two alternatives permitted by our order of remand. We can find no error.

■ As a final point, since we last visited this matter, the Supreme Court has published its decision in *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83. The syllabus of that decision states:

"6. A defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for postconviction relief. (*State ex rel. Clark v. Toledo* [1990], 54 Ohio St.3d 55, 560 N.E.2d 1313, and its progeny, overruled.)"

We take that to mean not only that the Public Records Act, R.C. 149.43, cannot be employed to obtain materials for use in support of a petition for postconviction relief, but also that materials obtained through the Public Records Act cannot be used in support of a petition. In that event, the police reports which figure prominently in Walker's second petition could not have been considered by the trial court even had it elected to entertain Walker's petition because Walker had obtained those reports through the Public Records Act.

The assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

FAIN and FREDERICK N. YOUNG, JJ., concur.