OPINION
{¶ 1} Defendant-Appellant Thomas Anthony Medsker appeals from the February 24, 2004 judgment of the Court of Common Pleas of Allen County, Ohio, which denied his post-conviction petition.
 {¶ 2} Medsker was indicted by the Allen County Grand Jury on one count of Burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. The charge stemmed from a break-in of the Kinley residence located at 5775 Spencerville Road in Allen County, Ohio on December 31, 2002. Medsker pled not guilty, and a jury trial was held. The jury convicted Medsker of the charge and he was sentenced to eight years in prison, the maximum sentence.
 {¶ 3} Medsker previously appealed to this Court on direct review, asserting claims of ineffective assistance of counsel, denial of a fair trial, and that his conviction was against the manifest weight of the evidence. He also appealed the trial court's decision to impose the maximum sentence. This Court affirmed the judgment of the trial court on February 23, 2004.
 {¶ 4} Medsker then filed a petition for post-conviction relief in the Court of Common Pleas on February 17, 2004, asserting two grounds for relief: ineffective assistance of counsel and prosecutorial misconduct. The Court of Common Pleas denied his petition for post-conviction relief, holding that his claims for relief were barred by the doctrine of res judicata or were otherwise insufficient grounds for relief because they were not supported by competent, credible evidence demonstrating a denial of Medsker's constitutional rights. This appeal follows, and Medsker now asserts one assignment of error:
The trial court committed an error of law by denyingappellant's Crim.R. 35 and R.C. 2953.21 petition for postconviction relief.
 {¶ 5} The Ohio Supreme Court has held that the doctrine of res judicata will bar a defendant from raising any defenses or constitutional claims in a post-conviction appeal under R.C.2953.21 that were or could have been raised by the defendant at trial or on a direct appeal. State v. Perry (1967),10 Ohio St.2d 175, 180: see also, State v. Zorns (1997),120 Ohio App.3d 360. ("[C]onstitutional issues cannot be considered in post-conviction proceedings where they have already been or could have been fully litigated . . . either before his judgment of conviction or on direct appeal from that judgment."). Thus, res judicata will bar all claims except those that were not available at trial or on appeal because they are based on evidence dehors
the record.
 {¶ 6} The Supreme Court has recognized exceptions to this general rule. The Court held that the doctrine does not apply to claims of ineffective assistance where the issue was not heard on direct appeal. State v. Hester (1976), 45 Ohio St.2d 71, 75 — 76. Hester allowed for post-petition claims of ineffective assistance of counsel so long as the issue was not previously litigated on direct review.
 {¶ 7} However, the Court limited Hester to situations where defendant's counsel was the same both at trial and on direct appeal, because counsel "cannot realistically be expected to argue his own incompetence." State v. Cole (1982),2 Ohio St.3d 112, 114 and fn.1. In Cole, the Court held that where a defendant was represented by new counsel on direct appeal "who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel," claims of ineffective assistance of counsel must be brought on direct review. Id. Therefore, where a defendant has different counsel on direct appeal than at trial, claims of ineffective assistance of counsel are barred by res judicata if they could have been adjudicated based on evidence in the record.
 {¶ 8} In the case sub judice, the record demonstrates that Medsker was represented by different counsel on appeal than he was at trial. Therefore, his claims of ineffective assistance of trial counsel are barred under Cole unless they are based on evidence dehors the record.
 {¶ 9} The issue of the effectiveness of Medsker's trial counsel has already been litigated on direct review, and this court held against the defendant. Medsker now presents three additional arguments for ineffective assistance of counsel. First, he claims that his trial counsel he failed to object to several lines of questioning the prosecution took during his cross-examination of Medsker. Again, the entire cross-examination of Medsker is contained in the trial transcript, and there is no outside evidence presented to support this argument. Because this claim could have been adjudicated on direct appeal, it is barred by res judicata.
 {¶ 10} Medsker next argues that his trial counsel was ineffective because he made references to Medsker's two prior burglary convictions during opening arguments. Medsker argues that this forced him to testify when he repeatedly told his counsel that he did not want to take the stand Yet Medsker presents no evidence outside of the trial transcript that would require him to testify on his own behalf. This claim could have been argued on direct appeal, and is therefore barred by res judicata.
 {¶ 11} Medsker's final argument for ineffective assistance is that his counsel failed to attend a scheduled meeting with him prior to trial, and therefore used incorrect addresses for the three witnesses on Medsker's Notice of Alibi. Medsker argues that the prosecution used this to make it appear to the jury that Medsker had lied on the Notice of Alibi. Medsker filed an affidavit stating that he gave his trial counsel one address for the three witnesses at a pre-trial hearing, and asserts that his counsel was supposed to meet with him to get the correct addresses for the other two witnesses. Again, this issue could have been adjudicated based entirely on the record, and it is therefore barred by res judicata.
 {¶ 12} Because these claims are not based on evidencedehors the record they could have been litigated on direct review. In fact, Medsker did argue ineffective assistance of counsel when he originally appealed his conviction to this Court. He could have brought these arguments at that time and did not do so. He is therefore barred from bringing them now. Based on the foregoing, Medsker's assignment of error is overruled, and the judgment of the trial court denying his motion for post-conviction relief is hereby affirmed.
Judgment affirmed.
Cupp and Bryant, JJ., concur.