OPINION *Page 2 
{¶ 1} Defendant-Appellant Jeffrey R. Hicks ("Hicks") appeals from the December 4, 2007 Journal Entry of the Auglaize County Court of Common Pleas denying his petition for post conviction relief
 {¶ 2} This matter stems from events occurring on August 27, 2006 in Wapakoneta, Ohio. On this date Patrolman Schneider ("Schneider") of the Wapakoneta City Police Department was traveling westbound on Auglaize Street when he observed Hicks's vehicle fail to stop at a stop sign at the intersection of Auglaize Street and Perry Street. Schneider attempted to initiate a traffic stop of Hicks's vehicle, however Hicks continued driving for approximately one half mile until he stopped in front of his residence on Blackhoof Street. After refusing to perform field sobriety tests and refusing to submit to a breath test after being read the implied consent law and form, the police obtained a search warrant for Hicks's blood. Hicks was subsequently arrested for Operating a Vehicle Under the Influence of Alcohol.
 {¶ 3} On August 31, 2006 an Auglaize County Grand Jury returned a two count indictment against Hicks. Count One charged Hicks with Operating a Vehicle Under the Influence of Alcohol in violation of R.C. 4511.19(A)(1)(a)(G)(1)(d), a felony of the fourth degree, with a specification that he had previously been convicted of five violations of R.C. 4511.19 in the past 20 *Page 3 
years. Count Two charged Hicks with Operating a Vehicle Under the Influence of Alcohol in violation of R.C. 4511.19(A)(2)(G)(1)(d), a felony of the fourth degree, with a specification that he had been convicted of five violations of R.C. 4511.19 in the past 20 years.
 {¶ 4} On September 29, 2006 Hicks appeared for his arraignment wherein he entered a plea of not guilty to both charges contained in the indictment. On October 30, 2006 the parties filed minutes of pre-trial hearing which specifically provided "Defendant to file any pre-trial motions by 11/02/06."
 {¶ 5} On November 16, 2006 Hicks filed a motion to suppress requesting that the court suppress all evidence and statements resulting from the August 27, 2006 traffic stop. Specifically, Hicks alleged that the traffic stop was unreasonable due to a tree that was obscuring the stop sign, that the stop sign was in violation of the Ohio Manual of Uniform Traffic Control Devices, and that the officer did not have probable cause to make the traffic stop.
 {¶ 6} On November 29, 2006 the trial court entered a Journal Entry striking Hicks's motion to suppress as untimely. However, the trial court also ruled upon the merits of the motion and determined that "[i]n light of the decision in City of Bowling Green v. Godwin (2006),110 Ohio St.3d 58, Defendant has shown no cause to allow his Motion to be filed out of rule and no cause to *Page 4 
suppress since `probable cause does not require the officer to correctly predict a conviction or result.'"
 {¶ 7} On February 2, 2007 Hicks appeared for a change of plea hearing. Pursuant to written plea negotiations between Hicks and the State, Hicks agreed to enter a guilty plea to one count of Operating a Vehicle Under the Influence of Alcohol and stipulate that he had five OVI offenses within the past 20 years. As part of these plea negotiations, the State agreed to dismiss the second count contained in the indictment as well as both specifications. The trial court allowed Hicks to withdraw his plea of not guilty to Count One of the indictment, allowed the State to amend Count One and to Nolle Prosequi Count Two, and ordered that Count Two be dismissed upon the completion of sentencing. The court accepted Hicks's plea of guilty to Count One as amended and found him guilty of Operating a Vehicle Under the Influence of Alcohol, without specifications, in violation of R.C. 4511.19(A)(1)(a)(G)(1)(d), a felony of the fourth degree. The trial court ordered a Pre-Sentence Investigation and continued this matter for sentencing. On March 30, 2007 the trial court sentenced Hicks to a term of 30 months in prison, a fine of $800.00, and a 50 year driver's license suspension.
 {¶ 8} On April 27, 2007 Hicks filed a pro se notice of appeal to this court of the trial court's March 30, 2007 Journal Entry. On June 25, 2007 Hicks filed a pro se motion for judicial release with the trial court, however this motion was *Page 5 
denied on June 26, 2007. On July 5, 2007 Hicks's trial counsel filed a motion for judicial release, however this motion was also denied by the trial court without a hearing on July 11, 2007. On July 24, 2007 Hicks, through appellate counsel, filed a motion to dismiss his appeal pursuant to App. R. 28 whereupon this court entered a Journal Entry dismissing Hicks's direct appeal and remanding this matter to the trial court for execution of the judgment for costs. (See July 30, 2007 Journal Entry, Case No. 2-07-14).
 {¶ 9} On September 10, 2007 Hicks filed a petition to vacate and set aside judgment pursuant to R.C. 2953.21. On October 2, 2007 the State filed an answer to Hicks's petition as well as a motion for summary judgment.
 {¶ 10} On November 6, 2007 the trial court entered a Journal Entry Granting Partial Summary Judgment wherein the trial court granted summary judgment "in favor of the State as to all issues raised in the petition, with the exception of the claims of the defendant that he was induced to plead guilty by counsel's false assurances with respect to sentencing, including an assurance that the defendant would be placed on community control" and set the matter for an evidentiary hearing on this remaining issue. On November 26, 2007 the trial court conducted the evidentiary hearing and on December 4, 2007 the court entered a Journal Entry denying Hicks's petition for post conviction relief.
 {¶ 11} Hicks now appeals, asserting two assignments of error. *Page 6 
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON MR. HICKS' INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIM, SINCE MR. HICKS WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO: FILE A TIMELY MOTION TO SUPPRESS, PRESENT A PROPERLY RESEARCHED ARGUMENT, AND INTRODUCE THE PHOTOGRAPHS THAT WERE LEGALLY DETERMINATIVE. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTIONS 10 AND 16, ARTICLE I, OHIO CONSTITUTION; STRICKLAND V. WASHINGTON (1984), 466 U.S. 668; (MOTION/VACATE JUDGMENT SET ASIDE JUDGMENT TRANSCRIPT AT 58-61, JOURNAL ENTRY GRANTING PARTIAL SUMMARY JUDGMENT AND SETTING HEARING, NOVEMBER 6, 2007).
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT VIOLATED MR. HICKS' DUE PROCESS RIGHTS BY GRANTING THE STATE SUMMARY JUDGMENT ON HIS INEFFECTIVE-ASSISTANCE-OF-COUNSEL ARGUMENT UNDER THE DOCTRINE OF RES JUDICATA, SINCE INSUFFICIENT INFORMATION APPEARED ON THE RECORD TO VIABLY RAISE THE ISSUE ON DIRECT APPEAL. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTIONS 16, ARTICLE I, OHIO CONSTITUTION; (JOURNAL ENTRY GRANTING PARTIAL SUMMARY JUDGMENT AND SETTING HEARING, NOVEMBER 6, 2007).
 {¶ 12} Hicks contends in each of his assignments of error that the trial court erred in denying his petition for post conviction relief. For ease of discussion, Hicks's assignments of error will be addressed together.
 {¶ 13} Our review of the present case begins by noting that this court has previously determined that "[p]ost conviction petitions are special civil actions *Page 7 
govern exclusively by statute." State v. Smith, 3rd Dist. No. 1-04-50, 2004-Ohio-6190 citing State v. Spirko (1998),127 Ohio App.3d 421, 429, 713 N.E.2d 60. "Therefore, a petitioner receives no more rights than those granted by the statute." State v. Calhoun (1999),86 Ohio St.3d 279, 281, 714 N.E.2d 905.
 {¶ 14} Ohio Revised Code section 2953.21(A)(1) allows "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to file a petition for post conviction relief. Additionally, R.C. 2953.21(C) provides that "[b]efore granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief."
 {¶ 15} In determining whether there are substantive grounds for relief to warrant a hearing, "the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript." R.C. 2953.21(C). In reviewing the documentary evidence in support of the petition, the trial court "may, in the sound exercise of its discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." Calhoun, 86 Ohio St.3d at 284. *Page 8 
Furthermore, in examining the credibility of the affidavit testimony, all relevant factors are to be considered, including whether the affidavits contradict evidence in the record. Smith, supra at ¶ 10 citing Calhoun, 86 Ohio St.3d at 284.
 {¶ 16} Additionally, before addressing the merits of Hicks's assignments of error, we must address the nature of the allegations contained in his petition for post conviction relief. In his petition, Hicks alleged that his constitutional rights were violated because he was denied effective assistance of trial counsel. Specifically, Hicks alleged that his trial counsel was ineffective for failing to file a timely motion to suppress, that said motion to suppress was deficient, that his counsel was ineffective by failing to inform him that he would be unable to pursue an appeal of the suppression decision after pleading guilty, and was ineffective by failing to inform him that the court could impose a sentence greater than that contained in the parties' recommended plea agreement
 {¶ 17} In a petition for post conviction relief asserting ineffective counsel "before a hearing is granted, `the petitioner bears the initial burden to submit evidentiary documents containing sufficient operativefacts to demonstrate the lack of competent counsel and that thedefense was prejudiced by counsel's ineffectiveness."' Calhoun,86 Ohio St.3d 279 at 283 quoting State v. Jackson (1980), 64 Ohio St.3d 107,413 N.E.2d 819 at syllabus. (Emphasis added in Calhoun). *Page 9 
 {¶ 18} We note that the Supreme Court of Ohio has held that the doctrine of res judicata will bar a defendant from raising any defenses or constitutional claims in a post conviction appeal under R.C. 2953.21
that were or could have been raised by the defendant at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, 180,226 N.E.2d 104; State v. Zorns (1997), 120 Ohio App.3d 360, 697 N.E.2d 1098. Thus, the doctrine of res judicata will bar all claims except those that were not available at trial or on appeal because they are based on evidencedehors the record. State v. Medsker, 3rd Dist. No. 1-04-24, 2004-Ohio-4291.
 {¶ 19} The Supreme Court of Ohio has recognized exceptions to this general rule and has held that the doctrine of res judicata does not apply to claims of ineffective assistance where the issue was not heard on direct appeal. See State v. Hester (1976), 45 Ohio St.2d 71, 75-76,341 N.E.2d 304. However, the Supreme Court of Ohio has limitedHester to situations where defendant's counsel was the same at both trial and on direct appeal, because counsel "cannot realistically be expected to argue his own incompetence." State v. Cole (1982),2 Ohio St.3d 112, 114 and fn. 1, 443 N.E.2d 169. Additionally, inCole, the Supreme Court of Ohio held that where a defendant was represented by new counsel on direct appeal "who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel," claims of ineffective assistance of counsel must be brought on direct review.Id. (Emphasis added). Therefore, *Page 10 
where a defendant has different counsel on direct appeal than at trial, claims of ineffective assistance of counsel are barred by the doctrine of res judicata if they could have been adjudicated based on evidence in the record. Medsker, 2004-Ohio-4291 at ¶ 7.
 {¶ 20} In the present case, the record demonstrates that Hicks was represented by different counsel on appeal than he was at trial. Therefore, his claims of ineffective assistance of trial counsel are barred under Cole unless they are based on evidence dehors the record.
 {¶ 21} Based on our review of the record, we agree with the trial court's determination that Hicks's ineffective assistance of counsel claims concerning the motion to suppress and stop sign issues were based on information that is either contained in the record, or was available to trial counsel prior to Hicks entering his guilty plea and could have been raised on direct appeal. Accordingly, these claims are barred by the doctrine of res judicata.
 {¶ 22} However, with respect to Hicks's allegations of ineffective assistance of counsel that he was induced to plead guilty by his trial counsel's false assurances with respect to sentencing, including an assurance that he would be placed on community control, we find that these allegations are dehors the record and therefore are not barred by the doctrine of res judicata in the present appeal. *Page 11 
 {¶ 23} The Supreme Court of Ohio has adopted a two-part test for determining claims of ineffective assistance of counsel in criminal prosecutions. See State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, at paragraph two of the syllabus (following Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). Under this test, "[Appellant] must first show that his attorney's performance `fell below an objective standard of reasonableness,' and must then show that `there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Jones, 3rd Dist. No. 02-00-07, 2000-Ohio-1879 quoting Strickland, 466 U.S. at 688, 694.
 {¶ 24} Our review of the record reveals that during Hicks's February 2, 2007 change of plea hearing the State presented the terms of the parties' negotiated plea agreement on the record. The trial court then asked Hicks whether he understood the plea agreement and whether he understood that the court "can, if it chooses, proceed to impose sentence today" to which Hicks responded that he understood. The court further inquired of Hicks as follows:
 Court: And in this case, there is a mandatory minimum, as I understand it under the way you are indicted, you have a mandatory minimum 60 or 120?
 Mr. Ausburger: 60.
 Court: 60 days. Do you understand?
 Hicks: Yes, your Honor.
 Court: A mandatory minimum $800.00 fine.
 Hicks: Yes, your Honor. *Page 12 
 Court: A mandatory minimum three year operator's license suspension.
 Hicks: Yes, your Honor.
 Court: And the Court can send you to prison for up to 30 months, which is about two and a half years; can fine you up to $10,000.00; and can suspend your license for the rest of your life.
 Do you understand?
 Hicks: Yes, your Honor.
 Court: And that 30 months would be in the penitentiary.
 Do you understand?
 Hicks: Yes, your Honor.
 {¶ 25} Additionally, after the court ordered a presentence investigation report and continued this matter for sentencing, the court advised Hicks as follows:
 I want to caution you to get your affairs in order, as you will probably go to the penitentiary for at least 60 days and it's possible it would be longer than that. I don't know for sure, but I don't want you to come unprepared for that. Be prepared in case that would happen.
 {¶ 26} Our review of the record also reveals that on November 26, 2007 the trial court conducted an evidentiary hearing to address Hicks's allegations that his trial counsel was ineffective for making false assurances with respect to sentencing and by inducing him to plead guilty. At the evidentiary hearing, Hicks testified that he met with his trial counsel approximately four times and that his counsel "said that I would have to take that [the guilty plea] or I would be facing up to 14 years and he said that I could also appeal it afterwards." Hicks testified that he had the opportunity to review the written negotiated plea agreement with *Page 13 
his trial counsel and admitted that the maximum penalties for his offenses were listed in the plea agreement. Hicks also testified that he has hearing problems, but admitted that he never interrupted the judge to let him know that he couldn't hear what was being said during the change of plea hearing.
 {¶ 27} Hicks's trial counsel also testified at the evidentiary hearing. Specifically regarding the plea agreement, trial counsel testified that he never told Hicks that the State was only going to recommend a 60 day sentence. Trial counsel testified that he advised Hicks that the parties' recommendation of community control was simply a recommendation and that the court alone makes the final decision as to sentencing. Trial counsel also testified that he tried "to lay all of the options out on the table for him [Hicks]" and that it was his impression that Hicks chose to plead guilty. Additionally, trial counsel testified that Hicks's hearing problems did not seem to affect his ability to understand what was going on throughout their discussions of the plea agreement. Trial counsel also testified that he never made any promises to Hicks that he would only serve 60 days in the local jail in this case, and that he advised Hicks that the court "ultimately has the final decision and the range would be from the minimum to the maximum" regardless of the parties' recommendation.
 {¶ 28} Based on the foregoing, we find that Hicks has failed to establish that his trial counsel's performance was deficient in any form and find that he has *Page 14 
failed to show prejudice resulting from any alleged deficiency. Furthermore, we agree with the trial court's findings that the allegations set forth in Hicks's petition are unsupported, unsubstantiated, and directly conflict with the credible testimony of his trial counsel presented at the evidentiary hearing, which the trial court had the prerogative to weigh. Accordingly, we find that the trial court did not err in finding that Hicks's petition failed to present substantive grounds for relief and dismissing his petition.
 {¶ 29} Therefore, Hicks's assignments of error are overruled and the December 4, 2007 Journal Entry of the Auglaize County Court of Common Pleas denying Hicks's petition for post conviction relief is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1