OPINION
{¶ 1} Defendant-appellant Joshua S. Bradley ("Bradley") brings this appeal from the judgment of the Court of Common Pleas of Union County denying his motion to withdraw his guilty plea. For the reasons discussed below, the judgment is affirmed.
 {¶ 2} On May 3, 2007, Bradley was indicted on one count of trafficking in cocaine and one count of engaging in a pattern of corrupt activity. Bradley initially entered pleas of not guilty to the charges. On July 31, 2007, Bradley withdrew his not guilty pleas and entered pleas of guilty to the indicted offenses. A sentencing hearing was held on August 24, 2007. At the hearing the trial court asked Bradley if he had anything to say in mitigation of the sentence. Sent. Tr. 6. The trial court then ordered Bradley to serve 1 year in prison for trafficking in cocaine and four years in prison for the pattern of corrupt activity charge. Id.at 8. The trial court then ordered that the sentences be served consecutively. Id.
 {¶ 3} When the trial court inquired as to whether Bradley understood the sentence, Bradley stated for the first time that he wished to withdraw his guilty plea. Id. at 10-11. The trial court then inquired of Bradley why he wished to withdraw his plea. Bradley then claimed that he was "tricked" into signing the plea agreement. Id. at 12. The trial court then denied the motion to withdraw the *Page 3 
plea. Id. at 13. Bradley appeals from this judgment and raises the following assignment of error.
 The trial court abused its discretion when it failed to grant [Bradley's] oral motion to withdraw his plea and did not properly conduct the required hearing.
 {¶ 4} The sole assignment of error is that the trial court erred in denying the motion to withdraw a plea which was made after sentencing.
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Crim.R. 32.1
 The manifest injustice standard requires a showing of "extraordinary" circumstances and the defendant bears the burden of showing the existence of a manifest injustice." * * * The heavy standard is meant to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment, and later withdrawing the plea if the sentence was unexpectedly severe.
State v. Mays, 8th Dist. No. 89362, 2008-Ohio-128, ¶ 4
(citations omitted).
 {¶ 5} In this case, Bradley did not seek to withdraw his plea until after the trial court informed him of his sentence. The reason Bradley gave for his wish to withdraw his plea is his belief that the State and his own attorney tricked him into signing the plea agreement "so then [the court] cannot even honor the plea agreement that they told me I was going to get." Sent. Tr. 12. The agreement at issue was that a joint sentencing recommendation would be made that Bradley be *Page 4 
sentenced to a total of three years in prison. Plea Tr. 12-13. However at the beginning of that hearing the trial court was told that Bradley had been informed that the sentencing recommendation was not binding upon the court. Id. at 3. The trial court informed Bradley of the potential maximum sentences as required by the Criminal Rules. Id. at 4. Since Bradley was aware that the trial court was not bound by the recommendation, the fact that it chose not to do so is not a manifest injustice. Bradley is merely dissatisfied with his sentence.
 {¶ 6} Additionally, Bradley claims that the trial court erred by not conducting a hearing on his motion to withdraw the guilty plea. This court notes that Bradley's motion was made orally at the sentencing hearing after sentence was imposed. After Bradley indicated that he wished to withdraw his plea, the trial court discussed the matter with Bradley. Bradley repeatedly indicated that he wanted to withdraw the plea because the trial court did not impose the recommended sentence. The trial court knew the basis of the motion and permitted Bradley to address the motion before ruling on it. As discussed above, Bradley did not set forth a reason which would constitute a manifest injustice. Thus, no additional hearing was necessary. State v. Blatnik (1984), 17 Ohio App.3d 201, 478 N.E.2d 1016. The assignment of error is overruled. *Page 5 
 {¶ 7} The judgment of the Court of Common Pleas of Union County is affirmed.
Judgment affirmed.
 PRESTON and ROGERS, JJ., concur. *Page 1