OPINION *Page 2 
{¶ 1} Defendant-Appellant Joshua S. Bradley ("Bradley") appeals from the May 20, 2008 Journal Entry of the Court of Common Pleas, Union County, Ohio, overruling his petition for post-conviction relief.
 {¶ 2} This case has previously come before this Court on Bradley's direct appeal. The direct appeal only concerned the trial court's denial of Bradley's oral motion to withdraw his guilty plea made at the conclusion of his sentencing. On appeal, this Court affirmed the trial court's denial of Bradley's motion and described the facts of the case as follows:
 On May 3, 2007, Bradley was indicted on one count of trafficking in cocaine and one count of engaging in a pattern of corrupt activity. Bradley initially entered pleas of not guilty to the charges. On July 31, 2007, Bradley withdrew his not guilty pleas and entered pleas of guilty to the indicted offenses. A sentencing hearing was held on August 24, 2007. At the hearing the trial court asked Bradley if he had anything to say in mitigation of the sentence. Sent. Tr. 6. The trial court then ordered Bradley to serve 1 year in prison for trafficking in cocaine and four years in prison for the pattern of corrupt activity charge. Id. at 8. The trial court then ordered that the sentences be served consecutively. Id.
 When the trial court inquired as to whether Bradley understood the sentence, Bradley stated for the first time that he wished to withdraw his guilty plea. Id. at 10-11. The trial court then inquired of Bradley why he wished to withdraw his plea. Bradley then claimed that he was "tricked" into signing the plea agreement. Id. at 12. The trial court then denied the motion to withdraw the plea. Id. at 13. *Page 3 
State v. Bradley, 3rd Dist. No. 14-07-33, 2008-Ohio-1142, ¶ 2-3.
 {¶ 3} On April 1, 2008 Bradley filed his petition for post-conviction relief, arguing that trial counsel was ineffective due to a conflict arising from the representation of a co-defendant, and that the trial court failed to inquire properly into the alleged conflict.
 {¶ 4} Specifically, Bradley alleged in his petition that had he known that his counsel was also representing a co-defendant, he would not have pled guilty to the charges.[1] Bradley was indicted on May 3, 2007; and on May 16, 2007 Clifton G. Valentine, Jr. ("Valentine") was appointed to represent Bradley. Bradley entered his guilty plea on July 31, 2007 and was sentenced on August 24, 2007. With respect to Bradley's co-defendant, Ricia Cain ("Cain"), Valentine was appointed to represent Cain on June 21, 2007. Cain entered her guilty plea on July 23, 2007, and was sentenced on September 12, 2007.
 {¶ 5} The State responded to Bradley's post-conviction petition on May 28, 2008. On May 30, 2008, the trial court overruled Bradley's petition for post-conviction relief.
 {¶ 6} Bradley now appeals, asserting four assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN FINDING THAT THE DOCTRINE OF RES JUDICATA BARRED PETITIONER'S *Page 4 CLAIM THAT HIS COUNSEL LABORED UNDER AN ACTUAL CONFLICT OF INTEREST. (JOURNAL ENTRY, FILED MAY 20, 2008, PAGES 1 2)
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN FINDING THAT IT DID NOT HAVE A DUTY TO INDEPENDENTLY INQUIRE INTO COUNSEL'S SIMULTANEOUS REPRESENTATION OF PETITIONER AND A CO-DEFENDANT IN VIOLATION THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION. (JOURNAL ENTRY, FILED MAY 30, 2008, PAGES 1 2)
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S TRIAL COUNSEL PROVIDED EFFECTIVE ASSISTANCE. (JOURNAL ENTRY, FILED MAY 30, 2008, PAGE 2)
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ERRED IN FINDING THAT APPELLANT HAD FAILED TO SUBMIT SUFFICIENT EVIDENTIARY DOCUMENTS CONTAINING OPERATIVE FACTS TO DEMONSTRATE THE CLAIMED ERROR ENTITLING HIM TO A HEARING ON HIS PETITION FOR POST CONVICTION RELIEF. (JOURNAL ENTRY, FILED MAY 30, 2008, PAGE 2).
 First Assignment of Error {¶ 7} In his first assignment of error, Bradley argues that the trial court erred in finding that his petition was barred by the doctrine of res judicata. We note that the Supreme Court of Ohio has held that the doctrine of res judicata will bar a defendant from raising any defenses or constitutional claims in a post conviction appeal under R.C. 2953.21
that were or could have been raised by the *Page 5 
defendant at trial or on direct appeal. State v. Perry (1967),10 Ohio St.2d 175, 180, 226 N.E.2d 104. Thus, the doctrine of res judicata will bar all claims except those that were not available at trial or on appeal because they are based on evidence outside the record. State v.Medsker, 3rd Dist. No. 1-04-24, 2004-Ohio-4291.
 {¶ 8} The Supreme Court of Ohio has recognized exceptions to this general rule and has held that the doctrine of res judicata does not apply to claims of ineffective assistance where the issue was not heard on direct appeal. See State v. Hester (1976), 45 Ohio St.2d 71, 75-76,341 N.E.2d 304. However, the Supreme Court of Ohio has limitedHester to situations where defendant's counsel was the same at both trial and on direct appeal, because counsel "cannot realistically be expected to argue his own incompetence." State v. Cole (1982),2 Ohio St.3d 112, 114 and fn. 1, 443 N.E.2d 169. Additionally, inCole, the Supreme Court of Ohio held that where a defendant was represented by new counsel on direct appeal "who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel," claims of ineffective assistance of counsel must be brought on direct review.Id. (Emphasis added).
 {¶ 9} In the present case, the record demonstrates that Bradley was represented by different counsel on appeal than he was at trial. Therefore, his claims of ineffective assistance of trial counsel are barred under Cole, unless they *Page 6 
are based on evidence dehors the record. Bradley's claims of ineffective assistance of counsel, based on an alleged conflict of interest are dehors the record and therefore are not barred by the doctrine of res judicata in the present appeal.[2] See State v. Hicks, 3rd Dist. No. 2-08-01, 2008-Ohio-3053. Therefore, we find that the trial court erred in finding Bradley's claims were barred by res judicata. To this extent only, Bradley's first assignment of error is sustained. However, because we note that the trial court gave additional reasons for denying Bradley's petition for post-conviction relief, our disposition of Bradley's first assignment of error is not dispositive of the appeal.
 Second Assignment of Error {¶ 10} In his second assignment of error, Bradley argues that the trial court erred by not conducting an independent review to determine if an actual conflict existed when Bradley's trial counsel also acted as counsel for a co-defendant. More specifically, Bradley argues that the trial court should have known of the potential conflict and held a hearing regarding the conflict on its own initiative.
 {¶ 11} However, unless the trial court knows or reasonably should know that a particular conflict exists or unless the defendant objects to multiple representation, the court need not initiate an inquiry into the propriety of such representation. Cuyler v. Sullivan (1980),446 U.S. 335, 347, 100 S.Ct. 1708, *Page 7 
1717-1718, 64 L.Ed.2d 333. It is not constitutionally mandated that a trial court inquire of co-defendants whether they wish to have separate counsel. A trial court is not obligated to make an inquiry as a matter of course. Id.
 {¶ 12} In the present case, it is unclear whether the trial court was explicitly aware that the same attorney was representing both co-defendants. Both of the cases did not proceed, beyond a plea, discovery, and a change of plea. Moreover, in a county that appears to utilize two public defenders, it may be unlikely that a trial court would realize the same attorney is representing co-defendants, where the proceedings of the co-defendants are not joined or proceeding jointly.
 {¶ 13} Additionally, the trial court is not always in the best position to evaluate a conflict. An attorney representing multiple defendants in criminal proceedings is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of the trial. SeeHolloway v. Arkansas (1978), 435 U.S. 475, 98 S.Ct. 1173,55 L.Ed.2d 426. In the absence of special circumstances, it seems reasonable for the trial court to assume that multiple representation entails no conflict or that the lawyer and his clients knowingly accepted such risk of conflict as may be inherent in such a representation.Cuyler, 446 U.S. at 346-347.
 {¶ 14} Here, the trial court did not inquire of Bradley and Cain whether they wished to be jointly represented nor did they raise any objections to joint *Page 8 
representation. Since it is not constitutionally mandatory for a trial court to make an inquiry, the trial court's failure to do so may not amount to an error. However, as the court observed in Cuyler, the better practice is to make a prompt inquiry and advise each defendant of his or her right to effective assistance of counsel, including separate representation. State v. Manross (1988), 40 Ohio St.3d 180, 182,532 N.E.2d 735, 738 citing Cuyler, supra.
 {¶ 15} Accordingly, because a hearing on a potential conflict was not mandatory and no objection to the potential conflict was raised, we find that the trial court did not err in failing to conduct an independent review of the possible conflict prior to accepting Bradley's guilty pleas. Therefore, Bradley's second assignment of error is overruled.
 Third Assignment of Error {¶ 16} In his third assignment of error, Bradley argues that the trial court erred by finding that he received effective assistance of counsel, thus denying his petition for post-conviction relief. "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." State v. Gondor 112 Ohio St.3d 377, 390, 860 N.E.2d 77,2006-Ohio-6679. An abuse of discretion constitutes more than an error of law or judgment *Page 9 
and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 17} In the present case, the trial court found that Bradley's petition was not supported by sufficient evidence to prove that Bradley received ineffective assistance of counsel prior to entering his guilty pleas.
 {¶ 18} Typically, claims of ineffective assistance of counsel are controlled by a two-part test as articulated in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct.2052, 80 L.Ed.2d 674. Under this test, "[Appellant] must first show that his attorney's performance `fell below an objective standard of reasonableness,' and must then show that `there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Jones, 3rd Dist. No. 02-2000-07, 2000-Ohio-1879 quoting Strickland, 466 U.S. at 688, 694.
 {¶ 19} The Strickland test was applied to guilty pleas in Hill v.Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. "First, the defendant must show that counsel's performance was deficient."Strickland, 466 U.S. at 687; Hill, 474 U.S. at 57. Second, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *."Hill, 474 U.S. at 59; see Strickland, 466 U.S. at 687. *Page 10 
 {¶ 20} As to the first prong of the test, courts are to afford a high level of deference to the performance of trial counsel. State v.Bradley (l989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. The second prong, regarding reasonable probability, requires a probability sufficient to undermine the confidence in the outcome of the trial.Id.
 {¶ 21} In the present case, Bradley asks this Court to determine whether his counsel's performance was deficient, due to a conflict of interest, and also whether that deficiency was great enough to show a reasonable probability that, but for counsel's conflict, Bradley would not have pleaded guilty.
 {¶ 22} "In order to establish a violation of the Sixth Amendment [based on a conflict in representation], a defendant * * * must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." (Emphasis added.) State v. Getsy,84 Ohio St.3d 180, 702 N.E.2d 866, 1998-Ohio-533 quoting Cuyler v. Sullivan,446 U.S. at 348. The Cuyler Court found that a possible conflict is insufficient to prove a deprivation of a defendant's Sixth Amendment right to effective assistance of counsel. Cuyler, 446 U.S. at 350. "The term conflict of interest bespeaks a situation in which regard for one duty tends to lead to disregard of another. The obvious example of this is representation of clients with incompatible interests. * * * A lawyer represents conflicting interests when, on behalf of one client, it is his duty to contend for that which duty to *Page 11 
another client requires him to oppose." State v. Manross (1988),40 Ohio St.3d 180, 182, 532 N.E.2d 735, 738 (internal citations omitted). Apossible conflict exists where the "interests of the defendantsmay diverge at some point so as to place the attorney under inconsistent duties." (Emphasis added.) State v. Dillon (1995), 74 Ohio St.3d 166,168, 657 N.E.2d 273, 275-276, 1995-Ohio-169 quoting Cuyler,446 U.S. at 356, fn. 3 (concurring and dissenting opinion of Marshall, J.).
 {¶ 23} In the present case, although a possible conflict did exist, we cannot find that these cases proceeded to the point where the interests of Valentine's clients diverged, such that he could not adequately represent them both. Here, both Bradley and Cain pled guilty before ever proceeding to trial on these matters. Moreover, it appears from the record that sentencing recommendations for both Bradley and Cain were entered, signed by both the State and Valentine, indicating that they would both testify truthfully regarding all co-defendants charged out of this incident. Although it appears that Bradley's sentencing recommendation was amended due to some indication on his part that he would not testify, both parties originally were set to testify against each other, as well as other parties involved in this incident.
 {¶ 24} Therefore, we cannot find that the potential conflict in the present case, rose to the level of an actual conflict such that it would render counsel's performance deficient so as to meet the first prong of the Strickland test. *Page 12 
Moreover, even if we were to find, in the interest of argument, counsel's performance deficient, we cannot find that Bradley would not have entered his guilty plea had he had counsel free from the possibility of any conflict.
 {¶ 25} Finally, much of what Bradley argued at the hearing on his petition for post-conviction related more to his overall dissatisfaction with his attorney, than to any potential conflict. Bradley's other claims of ineffective assistance of counsel are barred by res judicata. As Bradley makes no showing how a conflict existed other than his own self-serving assertions in his affidavit that he would not have pled guilty had he known of the potential conflict, his third assignment of error is overruled.
 Fourth Assignment of Error {¶ 26} In his fourth assignment of error, Bradley argues that the trial court erred in finding that he had failed to submit sufficient evidence to entitle him to a hearing on his petition for post-conviction relief.
 {¶ 27} We find this assignment of error puzzling for two reasons. First, Bradley did receive a hearing on his petition for post-conviction relief on May 28, 2008. Second, the trial court states in its Journal Entry that Bradley did not meet his burden of submitting sufficient evidence to demonstrate the claimed error and entitle him to a hearing. *Page 13 
 {¶ 28} Although we find these discrepancies confusing, Bradley did receive a hearing on his petition for post-conviction relief. Therefore, Bradley's fourth assignment of error is overruled.
 {¶ 29} Based on the foregoing, the May 20, 2008 Journal Entry of the Court of Common Pleas, Union County, Ohio, overruling his petition for post-conviction relief is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] We are unsure whether Bradley's co-defendant can properly be labeled as such. However, as she was charged out of the same event, and referred to as a co-defendant in the briefs and motions, we continue to refer to her as a co-defendant.
[2] To argue his claim of a conflict, Bradley was required to supplement the record with information from the record of the co-defendant. *Page 1