[Cite as *State v. Green*, 2024-Ohio-5254.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ZIAIR GREEN,

    DEFENDANT-APPELLANT.

CASE NO. 9-23-59

O P I N I O N

Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 21-CR-070

**Judgment Affirmed**

**Date of Decision: November 4, 2024**

APPEARANCES:

    *Timothy B. Hackett* for Appellant

    *Raymond A. Grogan Jr.* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Ziair E. Green ("Green"), appeals the July 28, 2023 judgment entry denying his petition for postconviction relief. For the reasons that follow, we affirm.

{¶2} This case arises from a January 18, 2021 incident in which Green, then 17-years old, shot and killed Ricco McGhee ("McGhee"), his former stepfather. This court recited much of the factual and procedural background of this case in Green's direct appeal, and we will not duplicate those efforts here. *See State v. Green*, 2023-Ohio-4360 (3d Dist.), *appeal accepted*, *State v. Green*, 2024-Ohio-2781.

{¶3} Relevant to this appeal, on February 24, 2021, the Marion County Grand Jury indicted Green on three counts: Count One of murder in violation of R.C. 2903.02(A), an unclassified felony; Count Two of murder in violation of R.C. 2903.02(B), an unclassified felony; and Count Three of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. Each of the counts included a three-year firearm specification pursuant to R.C. 2941.145 and R.C. 2929.14(D).

{¶4} Following a trial, which commenced on February 1, 2022, the jury found Green not guilty of Count One, but guilty of Counts Two and Three and their

associated specifications. The court merged the two counts and Green was sentenced to an aggregate term of 18 years to life in prison.

{¶5} On March 25, 2022, Green filed a notice of appeal. He raised eight assignments of error for our review. Specifically, Green argued on direct appeal that (1) the trial court violated his constitutional right to present a complete defense by denying his request for expert funds and prohibiting him from presenting evidence that would have shown he acted in self-defense and undermined the credibility of the State's witnesses; (2) the trial court erred by instructing the jury that Ohio's stand-your-ground statute did not govern Green's trial; (3) the trial court erred by instructing the jury that Green had a duty to retreat; (4) his trial counsel was ineffective for failing to propose a "stand-your-ground" jury instruction and for failing to ask Green on the witness stand about specific instances of McGhee's prior violent conduct; (5) the jury's verdict that Green did not act in self-defense or defense of another was against the manifest weight of the evidence presented at trial; (6) Green's statutory and due process rights were violated when he was indicted on charges and specifications in the adult court that were not filed in or transferred from the juvenile court; (7) Ohio's mandatory transfer statutes violate his right to due process; and (8) the cumulative effect of the alleged errors deprived Green of his right to a fair trial.

{¶6} In a decision issued on December 4, 2023, we overruled Green's eight assignments of error and affirmed his conviction and sentence.[1] *Green*, 2023-Ohio-4360, at ¶ 161.

{¶7} On May 22, 2023, Green filed a petition for postconviction relief. In his petition, Green set forth six grounds for relief. Specifically, Green alleged that his convictions were void or voidable for the following reasons: (1) he was denied his due-process right to an in-camera inspection of certain Children Protective Services ("CPS") records; (2) he was denied effective assistance of counsel because his counsel unreasonably failed to furnish the court with supplemental police reports supporting his request for the records; (3) he was denied effective assistance of counsel because his trial counsel failed to research and present case law relating to other-acts testimony in self-defense cases; (4) his trial counsel was ineffective due to his alleged mistaken understanding relating to battered-child evaluations; (5) his trial counsel was ineffective for failing to correct the trial court's alleged misconceptions relating to the evidence permitted to establish battered child syndrome; and (6) the cumulative effect of alleged legal errors and procedural regularities deprived Green of his right to present a complete defense. On May 31, 2023, the parties filed a joint motion to extend the briefing schedule. In the joint

---

[1] A certified conflict regarding whether Ohio's stand-your-ground law applies in situations where the conduct occurred prior to the statute's effective date but the trial occurred after the statute's effective date is currently pending in the Supreme Court of Ohio. *See State v. Wagner*, 2023-Ohio-773; *State v. Green*, 2024-Ohio-2781. The Supreme Court of Ohio accepted Green's discretionary appeal, and, at the time of publication, the matter is pending before the Supreme Court. *See State v. Green*, 2024-Ohio-2781.

motion, the parties requested the trial court adopt their recommended briefing schedule which proposed that Green would file amendments to the petition for postconviction relief by June 20, 2023 and the State would file its response to the petition by June 30, 2023.

{¶8} In a judgment entry filed on June 1, 2023, the trial court stated that it was interpreting the parties' joint motion as two separation motions: (1) a motion for the State to extend the time to respond and (2) a motion to allow Green to amend his petition. The trial court granted the State's motion to extend time. The trial court stated that it would take under advisement whether leave for additional grounds not filed in the initial petition is warranted after receiving the State's response.

{¶9} On June 5, 2023, State filed its response to Green's petition for postconviction relief. In a judgment entry filed on June 8, 2023, the trial court stated that because neither party appeared to have addressed the issue of res judicata, the trial court was unsure whether Green should be permitted to amend his arguments pursuant to R.C. 2953.21(G)(3). The trial court then ordered Green to file a copy of his proposed amended petition with his motion for leave and to explain why the issues raised would not be barred by res judicata.

{¶10} On June 20, 2023, Green filed his motion for leave to vacate and set aside judgment. In the filing, Green requested that the trial court permit him to amend the initial petition for postconviction relief "not to add new or additional

claims, but to include a copy of Dr. Karla Fischer's curriculum vitae and domestic violence report" which had not been completed at the time of the filing of the initial petition. (Doc. No. 389). That same day, Green also filed his response to the trial court's June 8, 2023 order to respond. In his filing, Green argued that because the State did not assert the defense of res judicata in its initial reply, the State waived the defense and the trial court was barred from considering res judicata. Green also argued that even if res judicata could be considered, his petition for postconviction relief is not barred by res judicata because it relies on evidence outside the record.

{¶11} The trial court granted Green's request to amend the petition on July 11, 2023. On July 25, 2023, the State filed its opposition to Green's amended R.C. 2935.21 petition for postconviction relief.[2] On July 28, 2023, the trial court filed its judgment entry denying Green's petition for postconviction relief on the grounds of res judicata.

{¶12} On August 25, 2023, Green filed his notice of appeal. He raises four assignments of error for our review.

**First Assignment of Error**

**The trial court erred when it determined that res judicata bars consideration of all six of Ziair's postconviction claims, because all six claims rely on evidence dehors the trial record and because five of those claims assert ineffective assistance of counsel relying on evidence outside the trial record. *State v. Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985; *State v. Bunch*, 171 Ohio St.3d 775,**

---

[2] On August 1, 2024, Green filed his response to the State's opposition to Green's motion for postconviction relief. However, the trial court's judgment entry denying Green's petition for postconviction relief had been filed on July 28, 2023.

**2022-Ohio-4723; Fifth and Fourteenth Amendments to the U.S. Constitution; Article I, Sections 1, 10, and 16 of the Ohio Constitution.**

**Second Assignment of Error**

**The trial court erred as a matter of law when it sua sponte raised the affirmative defense of res judicata on behalf of the prosecution, who had failed to timely do so in its first responsive pleading.  Civ.R. 8, 12; Fifth and Fourteenth Amendments to the U.S. Constitution; Article I, Sections 1, 10, 16 of the Ohio Constitution.**

**Third Assignment of Error**

**The trial court also violated the principle of party presentation and violated Ziair's procedural and substantive due process rights when it abandoned its role as a neutral arbiter and dismissed Ziair's postconviction petition based on an affirmative defense that the court itself raised sua sponte, on behalf of the state.    Fifth and Fourteenth Amendments to the U.S. Constitution; Article I, Sections 1, 10, 16 of the Ohio Constitution.**

{¶13} In his first assignment of error, Green argues that the trial court erred when it determined that each of the six grounds for relief presented in his petition for postconviction relief were barred by res judicata because the claims were predicated on evidence outside the record.  In his second assignment of error, Green argues that the trial court erred by sua sponte raising the affirmative defense of res judicata on behalf of the prosecution, who had failed to timely do so in its initial response to Green's petition for postconviction relief.  In this third assignment of error, Green argues that the trial court erred by allegedly sua sponte raising the issue of res judicata on behalf of the State, thereby abandoning its role as neutral arbiter.

Green's first, second, and third assignments of error are interrelated, therefore we will address his second and third assignments of error together, followed by this first assignment of error.

{¶14} "Although a defendant may challenge his conviction and sentence by either a direct appeal or a petition for postconviction relief, any claims raised in a postconviction relief petition will be barred by res judicata where the claim was or could have been raised on direct appeal." *State v. Schwieterman*, 2010-Ohio-102, ¶ 23 (3d Dist.). "'[U]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised *or could have been raised by the defendant . . . on an appeal* from that judgment.'" (Emphasis sic.) *State v. Troglin*, 2009-Ohio-5276, ¶ 13 (3d Dist.), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The doctrine "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxton*, 2006-Ohio-1245, ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268 (1925). Thus, the doctrine of res judicata bars all claims except those that were not available at trial or on appeal because they are based on evidence outside the record. *See State v. Jones*, 2007-Ohio-5624, ¶ 19 (3d Dist.).

**{¶15}** In his second assignment of error, Green argues that the State forfeited the affirmative defense of res judicata by not raising it in response to Green's initial petition for postconviction relief. Green argues that because the State allegedly forfeited the affirmative defense of res judicata, the trial court was precluded from relying on res judicata to deny his petition for postconviction relief. In his third assignment of error, Green argues that the trial court violated the principle of party presentation and violated Green's due process rights by sua sponte raising the affirmative defense of res judicata on behalf of the State. However, after reviewing the record, we disagree.

**{¶16}** "Res judicata is not contemplated directly in the Ohio Rules of Criminal Procedure, but Crim.R. 57(B) requires that we 'look to the rules of civil procedure and to the applicable law' in their absence." *State v. Gibson*, 2019-Ohio-383, ¶ 41 (10th Dist.). "Civ.R. 8(C) classifies 'res judicata' as an 'affirmative defense'" and "[i]nterpretative caselaw is consistent with this designation, even in the context of criminal cases." *Id.* *See State ex rel. West v. McDonnell*, 2014-Ohio-1562, ¶ 16 ("because res judicata is an affirmative defense . . . resolution of a res judicata defense typically requires resort to materials outside the pleadings").

**{¶17}** Although Green claims that the State did not raise res judicata in its initial response to his petition for postconviction relief, we find otherwise. In its initial response, the State asserted "The arguments presented by Defendant in his Petition are generally the same or similar arguments that were presented to the Ohio

Third District Court of Appeals. As such, the State's response, in many instances, will mirror the State's responses that were raised in the appeal." (Doc. No. 386). Accordingly, although the State did not use the term "res judicata" in its reply, the State expressly indicated to the trial court that the arguments raised in Green's petition for postconviction relief were the same as the arguments raised in his direct appeal. Accordingly, the State raised the claim that the issues had been previously argued prior to the trial court alluding to res judicata in its June 8, 2023 judgment entry.

{¶18} Furthermore, the parties' May 31, 2023 joint filing contemplated an amendment to Green's petition for postconviction relief, which the trial court subsequently granted.[3] Moreover, in the State's response to Green's amended petition for postconviction relief, the State argued that the issues raised in Green's amended petition for postconviction relief were barred by res judicata.

{¶19} Accordingly, Green's arguments that the State waived res judicata or that the trial court improperly raised res judicata are without merit. Green's second and third assignments of error are overruled.

{¶20} We next turn to the argument, raised in Green's first assignment of error, that the trial court erred in its determination that the grounds for relief outlined in Green's petition for postconviction relief were barred by res judicata.

---

[3] Importantly, the parties' joint motion indicates that, prior to the State's response to Green's initial petition for postconviction relief, the parties agreed that Green's petition for postconviction relief would subsequently be amended, after which the State would have the opportunity to file a response.

**{¶21}** The first ground for relief set out in Green's petition for postconviction relief was that the trial court violated his due process right to an in-camera inspection of CPS records involving McGhee. First, we note that this argument is substantially the same as the argument Green raised in his first assignment of error in his direct appeal. *Green*, 2023-Ohio-4360, at ¶ 21-27. In an effort to avoid the application of res judicata, Green argues that this allegation is supported by evidence outside the record. Specifically, Green references a subpoena to Marion County Children's Services requesting documents involving McGhee, supplemental police reports dated January 21, 2021 and January 26, 2021, another supplemental report dated January 29, 2021 referencing CPS involvement relating to McGhee's home, a document appearing to be a printout from the Statewide Automated Child Welfare Information System ("SACWIS") for Green's mother, Kimberly Floyd ("Floyd"), and a document appearing to be a printout from SACWIS for McGhee.

**{¶22}** Even if the documents referenced support Green's claim that CPS records exist, there is nothing in the record on appeal to show the documents Green references were not available to Green at the time of trial. *See State v. Adams*, 2005-Ohio-348, ¶ 39 (11th Dist.) ("For a defendant to avoid dismissal of the petition by res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court's record, and it must not be evidence that existed or was available for use at the time of trial."). Moreover, we do not find the information contained in the referenced documents to be material to

Green's petition for postconviction relief as it relates to the in-camera inspection. Accordingly, the trial court did not err by determining that res judicata applied.

**{¶23}** The next four grounds for relief presented in Green's petition for postconviction relief allege that Green's trial counsel was ineffective. The doctrine of res judicata bars all claims except those that were not available at trial or on appeal because they are based on evidence outside the record. *See Jones*, 2007-Ohio-5624, at ¶ 19. Further, "[t]he evidence submitted outside the record must be competent, relevant, and material to the issue at hand." *State v. Jackson*, 2017-Ohio-2651, ¶ 59 (8th Dist.). However, "since 'counsel cannot realistically be expected to argue his own incompetence, res judicata does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from raising a claim of ineffective assistance of counsel in a petition for postconviction relief.'" *State v. Lentz*, 70 Ohio St.3d 527, 529-530 (1994), quoting *State v. Cole*, 2 Ohio St.3d 112 (1982), fn. 1. But, "where a defendant was represented by new counsel on direct appeal 'who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel,' claims of ineffective assistance *must be brought on direct review*." (Emphasis sic.) *State v. Bradley*, 2008-Ohio-6071, ¶ 8 (3d Dist.), quoting *Cole* at 114. "However, if an ineffective assistance of counsel issue concerns a matter outside the record, the appellate court could not consider it on direct appeal because the court can only consider matters contained in the record." *State v. Scott-Hoover*, 2004-Ohio-4804, ¶ 18 (3d Dist.), citing *State v. Smith*, 17 Ohio St.3d 98,

101 (1985), fn. 1. Although ineffective assistance of trial counsel should ordinarily be raised on direct appeal, res judicata does not bar a defendant from raising ineffective assistance in a petition for postconviction relief if the claim is based on evidence outside the record. *Id.* "This principle applies even when the issue of ineffective assistance of counsel was raised on direct appeal." *Id.*

**{¶24}** "'To overcome the res judicata bar, evidence offered [outside] the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record.'" *State v. Lewis*, 2019-Ohio-3031, ¶ 14 (3d Dist.), quoting *State v. Slagle*, 2012-Ohio-1936, ¶ 16 (4th Dist.), citing *Ohio v. Franklin*, 1995 WL 26281, *7 (1st Dist. Jan. 25, 1995); *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist. May 8, 1995). "'This means that the evidence relied upon must not be evidence which was in existence or available for use at the time of trial or direct appeal, and finally, cannot be merely cumulative of the evidence already presented.'" *Id.*, quoting *State v. Murphy*, 2000 WL 1877526, *3 (10th Dist. Dec. 26, 2000).

**{¶25}** Green alleges that his trial counsel was ineffective for: (1) failing to furnish the court with supplemental police reports supporting his request for CPS records; (2) failing to research and provide the trial court with case law establishing that other-act testimony is admissible in self-defense cases to prove state of mind; (3) trial counsel failed to correct alleged misconceptions regarding battered child evaluations; and (4) that the trial court did not correct alleged legal misperceptions

regarding the interplay between battered-child evidence and NGRI and whether such evidence amounts to an impermissible "diminished capacity" defense.

**{¶26}** As an initial matter, we find that Green was represented by new counsel for his direct appeal. Accordingly, Green's claims of ineffective assistance of trial counsel are barred by res judicata unless they are based on evidence outside the record. *See Jones*, 2007-Ohio-5624, at ¶ 22.

**{¶27}** After reviewing Green's arguments, we do not find the trial court erred by determining that Green's arguments were barred by res judicata. Although Green now frames the arguments in terms of his trial counsel's alleged ineffectiveness, he raised the underlying arguments in his direct appeal, which this court considered and rejected.

**{¶28}** Nonetheless, in an effort to avoid the application of res judicata, Green contends his arguments are supported by evidence outside the record. Specifically, Green references the documents attached to his original petition for postconviction relief and the additional documents attached to the amended motion for postconviction relief, to wit:

- Exhibit A - a copy of Dr. Houle's September 7, 2021 report of her psychological evaluation of Green;

- Exhibit B – an affidavit dated May 18, 2023 of Dr. Karla Fischer, a research psychologist who evaluated Green in May 2023;

- Exhibit B-1 – Dr. Fischer's preliminary report dated June 16, 2023;

- Exhibit B-2 – Dr. Fischer's curriculum vitae;

-14-

- Exhibit C – a portion of a document titled "Case Supplemental Report" dated January 21, 2021;

- Exhibit D – a subpoena file stamped March 25, 2021 to the Marion County Children Services seeking all documents relating to McGhee;

- Exhibit E – a document titled "Case Supplemental Report" dated January 26, 2021;

- Exhibit F – a document dated January 26, 2021 appearing to be printout from SACWIS for Floyd;

- Exhibit G – a document dated January 27, 2021 appearing to be a printout from SACWIS for McGhee;

- Exhibit H – a document titled "Case Supplemental Report" dated January 29, 2021;

- Exhibit I – a document titled "Case Supplemental Report" dated January 21, 2021.

{¶29} Accordingly, all of the material Green references, with the exception of Green's Exhibits B, B-1, and B-2 were available at the time of his direct appeal. Green argues that Dr. Fischer's opinion that Green "was a battered child" and, specifically, witnessed the physical abuse of his mother by McGhee and was the victim of physical and emotional abuse by McGhee, would have "shaped his perceptions of the danger he faced before, during, and after the shooting." (Exhibit B). Dr. Fischer also opined that the evidence of prior violence between Green and McGhee should not have been excluded if the jury was to understand Green's frame of mind and for Green to have a fair trial. (Exhibits B, B-1). The fact Green's current counsel was successful in employing an expert who rendered an opinion

potentially beneficial to a defense does not mean trial counsel was not functioning as counsel contemplated by the Sixth Amendment.

**{¶30}** Further, Dr. Fischer's affidavit and report are not directly relevant to the specific issues Green raises on appeal. Notably, Green does not specifically argue in his petition for postconviction relief that his trial counsel was ineffective for failing to locate Dr. Fischer or have Green evaluated by her prior to trial.[4] Rather, in his second ground for relief he argued his trial counsel was ineffective for failing to furnish the trial court with CPS records. In his fourth and fifth grounds for relief, Green argues that the exclusion of the battered child evaluation in the case "may be attributed to trial counsel's own failure to thoroughly research the issue and provide [the trial] Court with governing caselaw." (Amended R.C. 2953.21 Petition to Vacate and Set Aside Judgment). Specifically, he argues that the trial court and trial counsel erred by mischaracterizing "battered child syndrome." He contends that his trial counsel had a mistaken understanding of battered child's syndrome and could not, therefore, successfully petition the trial court for a domestic-violence evaluation which would have supported Green's argument that he shot and killed McGhee in self-defense. Green also argues that his trial counsel was ineffective for alleged legal misperceptions regarding the relationship between evidence of battered child syndrome, a pleading of NGRI, and an impermissible

---

[4] We note, as addressed in detail in Green's direct appeal, Green's trial counsel vehemently attempted to find an expert to evaluate Green for battered syndrome, but he was unsuccessful. *State v. Green*, 2023-Ohio-4360, ¶ 43-59 (3d Dist.), *appeal accepted*, *State v. Green*, 2024-Ohio-2781.

-16-

"diminished capacity" defense. Additionally, in his third ground for relief, Green argues his trial counsel was ineffective for failing to adequate research relevant case law related to the admissibility of "other acts" evidence as it relates to the defendant's state of mind in a self-defense case. Accordingly, the specific issues that Green raises with respect to his trial counsel's alleged deficient performance are not materially related to the information provided by Dr. Fischer. Furthermore, Green did actually argue on direct appeal that the trial court did not allow him to fully investigate a possible battered child syndrome defense and that the trial court erred by excluding evidence relating to specific acts of past violence between Green, McGhee, and Floyd. Accordingly, the trial court did not err by finding that Green's grounds for relief citing ineffective assistance of counsel were barred by res judicata.

**{¶31}** Moreover, even if Green's arguments that his trial counsel was ineffective were not barred by res judicata, we do not find that Green established that his trial counsel was ineffective. *See State v. Salyers*, 2021-Ohio-2978, ¶ 36-46 (3d Dist.). Green's underlying arguments were raised and addressed in his direct appeal and we found them to be without merit. *See Green*, 2023-Ohio-4360, at ¶ 161. Furthermore, Green's arguments are speculative in nature. Accordingly, even if Green's arguments relating to his trial counsel were not barred by res judicata, Green's grounds for relief relating to his trial counsel were still without merit.

{¶32} Finally, in Green's sixth ground for relief, he argues that his convictions and sentence are void or voidable due to the cumulative effect of the legal errors. The trial court, having found that the prior grounds for relief were barred by res judicata and without merit, did not err by also finding Green's sixth ground for relief to be without merit.

{¶33} Having found that the trial court did not err by finding that the claims presented in his petition for postconviction relief were barred by res judicata, we overrule Green's first assignment of error.

### Fourth Assignment of Error

**The cumulative errors committed by the trial court deprived Ziair of a fair adjudication, in violation of his fundamental due process rights. Sixth and Fourteenth Amendments to the U.S. Constitution; Article I, Sections 1, 10, 16 of the Ohio Constitution.**

{¶34} In his fourth assignment of error, Green summarily argues that the cumulative effect of the alleged errors outlined in his other assignments of error deprived him of his due process right to a fair adjudication. We disagree.

{¶35} Under the cumulative-error doctrine, "a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial court error does not individually constitute cause for reversal." *State v. Spencer*, 2015-Ohio-52, ¶ 83 (3d Dist.). "To find cumulative error, a court must first find multiple errors committed at trial and determine that there is a reasonable probability that the outcome below would have

been different but for the combination of harmless errors." *In re J.M.*, 2012-Ohio-1467, ¶ 36 (3d Dist.). Moreover, "[t]he 'cumulative errors doctrine' applies to errors that occur in the criminal trial. A postconviction relief petition is a collateral civil attack." *State v. Ludwick*, 2023-Ohio-1113, ¶ 3 (4th Dist.). Moreover, we have not found that the trial court committed any errors, let alone multiple errors. Therefore, the cumulative-error doctrine does not apply. *See State v. Jamison*, 2016-Ohio-5122, ¶ 40, *abrogated on other grounds*, *State v. Haynes*, 2022-Ohio-4473 ("If there [are] not multiple errors, * * * the cumulative error doctrine does not apply."); *State v. Carpenter*, 2019-Ohio-58, ¶ 104 (3d Dist.).

**{¶36}** Green's fourth assignment of error is overruled.

**{¶37}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/jlm**